[Crim. No. 14839. In Bank. Apr. 26, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
SAM SHELLS, JR., Defendant and Appellant.

## COUNSEL

Edward J. Horowitz, under appointment by the Supreme Court, and Albert D. Silverman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Lawrence P. Scherb II, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**SULLIVAN, J.**—In an amended and consolidated information defendant Sam Shells, Jr., was charged with the kidnaping, rape, and oral copulation (Pen. Code, §§ 207, 261.3 and 288a respectively) of Dorene K., and the kidnaping and rape of Elizabeth B.[1] After a trial by jury defendant was found guilty of all five counts charged. He appeals from the judgment of conviction.

Generally speaking, the evidence adduced by the prosecution in this case showed that defendant, on two separate occasions within a six-month period, accosted a lone woman on the street in the early hours of the morning, forced her under threat of imminent bodily harm to accompany him to a nearby place of relative privacy, and there perpetrated a sexual assault upon her. It is defendant's primary contention that this evidence—while clearly sufficient to support his conviction for the rapes of the two victims and the oral copulation of one of them—was not sufficient to support conviction on either of the kidnaping counts in light of our decision in *People* v. *Daniels* (1969) 71 Cal.2d 1119 [80 Cal.Rptr. 897, 459 P.2d 225]. In addition defendant contends that the judgment must be reversed because he was denied his constitutional right to effective counsel at trial.

We have concluded that defendant's contention concerning the adequacy of his trial counsel has merit and that the judgment must be reversed in its entirety for this reason. In these circumstances we do not address ourselves to his contention concerning the application of *Daniels* to the facts adduced at trial. In the event of retrial the facts will be fully developed with reference to the *Daniels* standard, and the trier of fact will consider the kidnaping counts in light of that standard.[2]

---

[1] We omit surnames for obvious reasons.

[2] The crimes in question occurred in 1968. The trial took place in June and July of 1969, some three months prior to *Daniels*.

We set forth the facts relevant to defendant's contention that he was denied his constitutional right to the effective assistance of counsel at trial. On January 15, 1969, the consolidated amended information was filed and one prior conviction was alleged therein as follows: "That before the commission of the offenses hereinbefore set forth in this information, [defendant] was on or about the 20th day of April, 1967, in the Superior Court of the State of California, for the County of Los Angeles, convicted of the crime of VIOLATION OF SECTION 459, PENAL CODE, a felony." Defendant denied the alleged prior conviction at that time and the matter was continued for trial, defendant having waived time.

Commencing on February 28, 1969, defendant was represented by his trial counsel, a member of the public defender's office. When the case finally came on for trial on June 5, 1969, defendant admitted the alleged prior conviction on advice of counsel. Defendant did not testify in his own behalf at the trial.

At the hearing on defendant's motion for a new trial it appeared that the alleged prior conviction was not in fact a felony.[3] Defense counsel, seeking a new trial on this basis, stated to the court that he was first apprised of the prior by the prosecutor on June 5, 1969, immediately prior to trial, and that the prosecutor's representation to him at that time that the alleged offense was in fact a felony had led him to dissuade defendant from testifying in his own behalf at trial, although defendant himself wished to testify. Counsel also stated that since defendant had been able to present only one witness in his defense his own testimony would have been "crucial."[4] Defendant himself assured the court that he had wished to

[3]The conviction in question was for attempted burglary, a felony-misdemeanor (see Pen. Code, §§ 664, 461, subd. 2) and was fixed by the sentencing court as a misdemeanor.

[4]The record reflects counsel's statement of his position, and the court's response thereto, as follows: "[I]t is my memory that when the court calendar was called that day, I was served with a paper and notice of a prior, and I made my objection at that time to the filing of a prior as this case had trailed for about five days up to the morning of the trial; and I asked [the prosecutor] about it, just whispering at counsel table, and he said proceedings were suspended, because we knew the defendant had never gone up to State Prison, and of course by proceedings being suspended it remains a felony; and because of that I urged the defendant not to testify because I mentioned once he testified they could find out he has a felony record, and that would be even worse. [Par.] I do think that there was a denial of due process here, because on such a fundamental case as this, important case as this, his testimony obviously from the result, would have been crucial. [Par.] I might also add that he has convinced me and his wife that he did not do it, as he may have also done that to the jury. . . . Just briefly, and I want to reemphasize that the defendant at all times insisted that it wasn't a felony, and based upon the statement made by Mr. Cohen to me that there was a proceedings suspended, I told him that since it was a proceedings suspended, and in view of the fact he could only serve time in County Jail, it still remained a felony,

testify but counsel had persuaded him that he should not do so because if he did so the prior "felony" would be brought before the jury for the purpose of impeachment. The court pointed out to trial counsel that he could not claim reliance upon representations of the prosecution in such a matter because the records of the prior conviction were as available to him as they were to the People. Counsel replied that he could not have been expected to check the validity of the prior because he learned about it only a few minutes before the jury panel was called. However, the court pointed out to counsel that the prior conviction was filed on January 15, 1969, almost six months prior to trial. The motion for a new trial was denied.

█ In these circumstances we must conclude that trial counsel's failure to ascertain the truth concerning the alleged prior felony conviction operated to deny defendant that effective assistance of counsel to which he was entitled under the Sixth and Fourteenth Amendments to the United State Constitution. █ █ "Although the determination of whether the demands of due process have been met in a particular case is always 'a question of judgment and degree' to be answered in light of all of the circumstances and with a view to 'fundamental fairness' [citations], certain general standards have evolved for the aid of the court making this determination. Fundamental among these is that which places upon counsel the duty to conduct careful factual and legal investigations and inquiries with a view to developing matters of defense in order that he may make informed decisions on his client's behalf both at the pleading stage [citation] and at trial. (*Brubaker* v. *Dickson* [9th Cir. 1962], *supra,* 310 F.2d 30; *People* v. *McDowell* [1968] *supra,* 69 Cal.2d 737 [73 Cal.Rptr. 1, 447 P.2d 97]; *People* v. *Ibarra* [1963] *supra,* 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487]; *People* v. *Wellborn* (1967) 257 Cal.App.2d 513 . . . .) If counsel's 'failure [to undertake such careful inquiries and investigations] results in withdrawing a crucial defense from the case, the defendant has not had the assistance to which he is entitled.' (*People* v. *Ibarra, supra,* 60 Cal.2d 460, 464. . . .)" (*In re Saunders* (1970) 2 Cal.3d 1033, 1041-1042 [88 Cal.Rptr. 633, 472 P.2d 921], fn. omitted.)

█ Here defendant's trial counsel, faced with an allegation of prior felony conviction which had been made a part of the information almost

---

and I was relying on that statement that it was a proceedings suspended, and as Your Honor knows, we called only one witness, I think that was a busdriver, because the crucial defense testimony at all would have been the defendant's own testimony, which we did not call him as such.

"THE COURT: [Counsel], if you had any doubt as to whether it was a felony or not in view of the defendant's statements, I think you should have checked the record yourself. They are just as available to you as they are to the People."

six months previously, undertook no efforts to ascertain whether that allegation was true. Instead, relying wholly upon the informal oral representation of the prosecutor that the allegation was true, counsel proceeded to make significant decisions of defense tactics and strategy on that basis—the most notable of which was the decision to keep defendant off the stand so that he would not be subject to impeachment on the basis of the phantom prior. Clearly if counsel had undertaken a minimal investigation into the truth of the allegation of prior conviction—which investigation in this case would have involved no more than a visit to the clerk of the very court in which the case was being tried—he would have discovered that the allegation of prior felony conviction was untrue. By failing to do so counsel "precluded himself from making a rational decision on the question" (*In re Saunders, supra,* 2 Cal.3d 1033, 1049) of whether defendant should testify in his own behalf.

In the circumstances of this case it must be concluded that counsel's uninformed decision operated to withdraw a "crucial" defense from the case. The record indicates that defendant intended to establish an alibi through his own testimony. We cannot speculate upon what that alibi might have been or the effect of its consideration by the jury. Nor can we speculate upon what decision counsel might have made relative to defendant's testimony if he *had* learned that there was no threat of impeachment by evidence of a prior felony conviction. The important point is that defendant desired to take the stand in his own defense and give testimony which, if believed, would have resulted in acquittal—and that counsel's decision to withhold that testimony was based wholly upon a mistake of fact which reasonable diligence on his part would have avoided. Defendant was constitutionally entitled to an informed decision on the part of his counsel as to whether he should take the stand in his own defense, and because he did not receive such a decision the judgment against him must be reversed. Our reluctance in reaching this result in this particular case must yield before the constitutional requirement that no person accused of crime may be convicted absent the assistance of diligent and competent legal counsel.

As we have indicated above, our conclusion that defendant was denied the effective assistance of counsel—and that the judgment must be reversed in its entirety for this reason—renders unnecessary a present consideration of the record before us in light of *People* v. *Daniels, supra,* 71 Cal.2d 1119. We think it appropriate that defendant's conduct be assessed in the first instance by the trier of fact under proper instructions.

For purposes of guidance upon retrial we express our conclusion that, contrary to defendant's contention, the several counts were properly consolidated for trial under the standards of Penal Code section 954. The

requirements of similarity that apply to the admission of evidence of *uncharged* offenses (see *People* v. *Haston* (1968) 69 Cal.2d 233, 244-250 [70 Cal.Rptr. 419, 444 P.2d 91]) are not applicable when all offenses are *charged*.

The judgment is reversed.

Mosk, Acting C. J., McComb, J., Peters, J., Tobriner, J., Burke, J., and Wood, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.