[Crim. No. 22323. Second Dist., Div. Five. July 27, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS FRANCIS MORAN, JR., Defendant and Appellant.

**COUNSEL**

Clifford Douglas, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, James H. Kline and Douglas B. Noble, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STEPHENS, J.**—By information, defendant was charged in count I with kidnaping one Sharon T. (Pen. Code, § 207), in count II, with forcing Sharon T. to commit an act of oral copulation (Pen. Code, § 288a), in count III, with kidnaping one Karen G. (Pen. Code, § 207), in count IV,

with raping Karen G. (Pen. Code, § 261, subd. 2) and with being armed with a deadly weapon, and in count V, with raping one Marilyn K. (Pen. Code, § 261, subd. 2). Defendant pleaded not guilty, and defendant's motion to sever the counts for trial was denied. The information was then amended to add count VI, in which defendant was charged with assaulting Marilyn K. with the intent to commit rape (Pen. Code, § 220). Defendant pleaded not guilty to count VI, and defendant's motion pursuant to Penal Code section 995 to set aside count I and count III was denied. Defendant was tried before a jury, and at the conclusion of the prosecution's case, defendant moved for acquittal on count I, count III, count IV, and count V. (Pen. Code, § 1118.1.) Defendant's motion was granted as to count I and count III, but was denied as to count IV and count V. Later in the trial, the People moved the court to vacate the court's "prior order on 1118, dismissing Count I and Count III." The court "grant[ed] the motion to vacate the order previously made with regard to Count I," but denied the People's motion as to count III. The jury found defendant guilty of count I, count II, count V, and count VI. The jury further found that defendant was guilty of count IV, that defendant was also guilty of "violation of Section 220 P.C., Assault With Intent to Commit Rape, a felony, a lesser but necessarily included offense than that charged in COUNT IV," and that defendant was "armed at the time of the commission of the offense as contained in count IV . . . ." Proceedings were suspended as to count VI, and defendant was sentenced to the terms prescribed by law as to count I, count II, count IV, and count V, with the sentences on count I and count II to run consecutively, and with the sentences on count IV and count V to run concurrently. Penal Code section 12022 was found to be applicable to count IV. Defendant appeals.

▉ Defendant first contends that the "court erred in not severing the six counts in the information."[1] We disagree. Penal Code section 954 provides in part: "An accusatory pleading may charge two or more different offenses connected together in their commission, or . . . two or more different offenses of the same class of crimes or offenses, under separate counts . . .; provided, that the court in which a case is triable, in the interests of justice and for good cause shown, may in its discretion order that the different offenses or counts . . . be tried separately . . . ." Here, count I and count II (the crimes against Sharon T.) were "connected to-

---

[1]The record on appeal shows that defendant's motion to sever was made prior to the time that count VI was added to the information. The People, however, have not taken exception to defendant's having characterized his motion as a motion to sever six counts, and we, therefore, will treat defendant's motion as a continuing objection to his being tried in a single trial on any combination of two or more of the counts charged in the information.

gether in their commission." Count III and count IV (the crimes against Karen G.) were connected together in their commission, and count V and count VI (the crimes against Marilyn K.) were connected together in their commission. Likewise, the crimes against Sharon T. (count I and count II), Karen G. (count III and count IV), and Marilyn K. were "of the same class of crimes or offenses . . . ." (*People* v. *Rhoden,* 6 Cal.3d 519, 524-525 [99 Cal.Rptr. 751, 492 P.2d 1143]; *People* v. *Shells,* 4 Cal.3d 626, 631-632 [94 Cal.Rptr. 275, 483 P.2d 1227]; *People* v. *Conrad,* 31 Cal. App.3d 308, 314-316 [107 Cal.Rptr. 421]; *People* v. *Van De Wouwer,* 91 Cal.App.2d 633, 639-640 [205 P.2d 693].) We therefore find no abuse of discretion in the court's refusal to grant defendant's motion to sever.

■ Defendant next contends that the trial court erred "in reinstating count I after having dismissed it pursuant to Penal Code section 1118.1."[2] We must agree. At the close of the prosecution's case, defendant's counsel told the court: "I'd like to make an 1118 motion without the presence of the jury as to several matters, if I may." After argument on behalf of both defendant and the People, the court granted defendant's motion as to count I and count III, but denied the motion as to count IV and count V. The trial court's granting of defendant's motion as to count I and count III was, in effect, an "order [for] the entry of a judgment of acquittal" as to each of those counts. (Pen. Code, § 1118.1.) Therefore, since "[t]he rendition of judgment is the oral pronouncement" (Witkin, Cal. Criminal Procedure, § 609 at p. 602), and since "[a] judgment of acquittal entered pursuant to the provisions of Section . . . 1118.1 . . . is a bar to any other prosecution for the same offense" (Pen. Code, § 1118.2), defendant's conviction as to count I must be set aside.

■ Defendant contends next that the record does not contain substantial evidence to support his identification as to either count II (forcing Sharon T. to commit an act of oral copulation) or count IV (raping Karen G.). We disagree. Sharon T. testified that at approximately 4:45 p.m., just prior to her attack, she "walked by" her assailant and was within "a couple of yards away from him." Sharon T. again saw her assailant at the time of the attack, and Sharon T. testified that she was "positive" that it was defendant who attacked her. Further, Sharon T. testified that her assailant's lower right arm was marked with a tattoo that depicted a red heart with

[2]"In a case tried before a jury, the court on motion of the defendant . . . , at the close of the evidence on either side and before the case is submittd to the jury for decision, shall order the entry of a judgment of acquittal of one or more of the offenses charged in the accusatory pleading if the evidence then before the court is insufficient to sustain a conviction of such offense or offenses on appeal." (Pen. Code, § 1118.1.)

the word "Robbie or Bobbie" inscribed above the heart. At trial, defendant displayed his right forearm which showed the word "Bobbie" inscribed above a heart.

Karen G. testified and was asked: "Are you able to identify the man who did this to you?" Karen G. replied: "Not distinctly." Karen G. was then asked: "Do you see anyone in this courtroom who looks familiar?" Karen G. responded: "Yes." Karen G. was then asked if she "could . . . point him out," and Karen G. pointed to defendant. In addition, Karen G. testified that her assailant had abducted her to a place "behind [a] curtain" in an apartment garage, that the rape had been committed behind that curtain, and that during the course of the rape "another man came up, and then I started screaming, and then the [assailant] got up and ran." One Steven Yankowski testified for the prosecution that he was the man who had pulled back the curtain, and that he had seen "a man on the floor and [Karen G.] was on top of him. . . . The man got up and ran past me, pushed me, and ran past me." Yankowski was able "to look at him straight in the face." Yankowski was "absolutely certain" that defendant was the man who had run away. This testimony of Sharon T., Karen G., and Steven Yankowski is clearly substantial evidence in support of defendant's convictions as to count II and count IV.

■ Defendant next contends that the trial court committed prejudicial error in admitting into evidence 1) certain "mug shots" of defendant, and 2) prosecution testimony to the effect that at a time prior to trial, defendant had suffered the suspension of his driver's license. Specifically, defendant contends that the photographs and the testimony were evidence of defendant's "prior misconduct," and that "prior specific instances of misconduct by a criminal defendant is generally inadmissible to prove conduct on a specific occasion."[3] (Evid. Code, § 1101.) In opposition, the People argue that this evidence was introduced for the sole purpose of impeaching certain of defendant's testimony. We, however, need not resolve this dispute, for even if we assume arguendo that this evidence was admitted for the single improper purpose of demonstrating prior misconduct, nonetheless, "it is [not] reasonably probable that a result more favorable to [defendant] would have been reached in the absence of the error." (*People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243].)

---

[3]In regard to the photographs, defendant is apparently arguing that the photographs suggested to the jury that defendant had had some prior association with the law, and, therefore, that defendant was guilty of having committed some undefined act of prior misconduct.

■ Defendant next argues that the "finding that [defendant] was armed with a deadly weapon [as to count IV] was error as a matter of law." We disagree. The weapon in question is a three-pronged metal fork.[4] "A deadly weapon is one likely to produce death or great bodily injury" (*People* v. *Fuqua*, 58 Cal. 245, 247), and "[w]hether a particular weapon is a deadly weapon is a question of fact" (*People* v. *Curcio*, 255 Cal.App.2d 183, 190 [63 Cal.Rptr. 184]). Further, there exists a "distinction between instrumentalities which are 'weapons' in the strict sense of the word, such as guns, dirks, etc., and those instrumentalities which are not weapons in that sense, such as ordinary razors, pocket-knives or other sharp objects. With reference to the latter classification . . . : 'When it appears . . . that [such] an instrumentality . . . is capable of being used in a "dangerous or deadly" manner, and it *may be fairly inferred from the evidence that its possessor intended on a particular occasion to use it as a weapon should the circumstances require, we believe that its character as a "dangerous or deadly weapon" may be thus established, at least for the purposes of that occasion.'* [*People* v. *Raleigh*, 128 Cal.App. 105, 108-109 (16 P.2d 752).] (Italics ours.)" (*People* v. *McCoy*, 25 Cal.2d 177, 189 [153 P.2d 315].)

Finally, defendant contends, and the People concede, that defendant should not have been convicted of *both* count V and count VI because count VI (assault with the intent to commit rape) is a lesser included offense of count V (rape), and defendant cannot be convicted of both the charged crime and a lesser included offense of the charged crime. We agree. "A person cannot be convicted of both the included and the greater offense because, in essence, only one offense is committed." (*People* v. *Doolittle*, 23 Cal.App.3d 14, 19 [99 Cal.Rptr. 810]; *People* v. *Greer*, 30 Cal.2d 589, 600-601 [184 P.2d 512].) Count VI must therefore be set aside.

The judgment is reversed as to count I and count VI. In regard to count IV, we note that the jury returned two different verdicts: (1) a verdict finding defendant guilty of raping Karen G. (Pen. Code, § 261, subd. 2); and (2) a verdict finding defendant guilty of having assaulted Karen G. with the intent to rape (Pen. Code, § 220). Again, a defendant cannot be convicted of both the greater and the lesser included offense, and the judgment is therefore reversed to the extent that it reflects that "defendant

---

[4]In describing the weapon for identification, the prosecutor characterized the weapon as a "three-pronged type of instrument." In moving to have the weapon admitted into evidence, the prosecutor described the weapon as "the fork." Karen G., the victim of count IV, testified that the weapon was a "metal prong" with "three prongs on it."

[was] duly found guilty . . . of the crime of . . . VIOLATION OF SECTION 220, Penal Code, a felony, a lesser but necessarily included offense than that charged in Count IV . . . ." In all other respects, the judgment is affirmed.

Kaus, P. J., and Ashby, J., concurred.