[Crim. No. 17896. In Bank. Dec. 9, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
ERNIE LEE MATSON, Defendant and Appellant.

## COUNSEL

G. Tom Thompson, under appointment by the Supreme Court, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., and Jack R. Winkler, Chief Assistant Attorneys General, William E. James and S. Clark Moore, Assistant Attorneys General, Norman H. Sokolow and Lawrence P. Scherb II, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CLARK, J.**—Defendant appeals from judgment entered on jury verdicts convicting him of raping Mrs. H (Pen. Code, § 261, subds. 2, 3) and burglarizing the apartment of Miss G (Pen. Code, § 459). He contends: (1) The trial court abused its discretion in denying his motion to sever the two counts; and (2) the evidence is insufficient to support the burglary conviction. The judgment is affirmed.

## Mrs. H

While moving out of her apartment one evening, Mrs. H left the door ajar and made a number of trips to her car, parked in an alley next to the building. Shortly after midnight, she saw a man walking down the alley whistling, apparently for a dog. Coming within a few feet of Mrs. H, he asked her if she had seen a dog. After a brief conversation, the man watched her pack the car for a few minutes, then walked away.

Hearing leaves crackle later, Mrs. H peeked around her car and, seeing the same man, jumped back, saying "Don't do that. It scared me." Apologizing, the man turned around and appeared to walk away again.

Having finished packing her car, Mrs. H started up the stairway to her apartment when the same man suddenly reappeared and forced her up the stairs, saying "Just keep quiet and you won't get hurt." He took her into the bedroom of her apartment and raped her.

At trial, Mrs. H positively identified defendant as her assailant. She also identified him at the preliminary hearing.

## Miss G

One evening 11 days later, Miss G parked on the street near her apartment, a mile and a half from the scene of the earlier crime. She carried some packages to the apartment, turned on the lights, gave her cats a bowl of water, then returned for the rest of her packages, leaving the lights on and closing—but not locking—the door. As she walked down the street to her car, a man stepped out from between two buildings, walking past her in the opposite direction.

Reentering her apartment, Miss G noticed that the kitchen light was now off, the cats' bowl overturned, and the cats failed to greet her, contrary to their custom. Feeling "weird," she began checking the rest of the apartment. Turning on the bathroom light, she recognized the man she had encountered earlier standing behind the door. Screaming as loudly as she could, Miss G ran from the apartment.

Defendant was positively identified at trial by Miss G and by neighbors who apprehended him as he followed her from the apartment. One neighbor had seen him in the immediate vicinity three hours earlier.

The defense to the rape charge consisted of an alibi supported by defendant's wife and friends. The defense to the burglary charge was the following: Defendant, feeling too drunk to continue driving, stopped in

Miss G's neighborhood to sober up at a friend's home. Unable to find his friend's residence, defendant allegedly asked Miss G for permission to use her telephone, followed her into the apartment when she entered without answering him, and was surprised by her alarmed response.

## SEVERANCE

■    Section 954 of the Penal Code provides in relevant part that "two or more different offenses connected together in their commission" may be consolidated for trial; however, the court "in the interests of justice and for good cause shown, may in its discretion order that the different offenses . . . be tried separately."

Offenses committed at different times and places against different victims are, nevertheless, "connected together in their commission" when there is a "common element of substantial importance" among them. (*People* v. *Pike* (1962) 58 Cal.2d 70, 84 [22 Cal.Rptr. 664, 372 P.2d 656]; *People* v. *Spates* (1959) 53 Cal.2d 33, 36 [346 P.2d 5]; *People* v. *Chessman* (1959) 52 Cal.2d 467, 492 [341 P.2d 679].) The offenses joined here have several elements of substantial importance in common. Most obvious is the modus operandi—lying in wait for lone women leaving their apartments unlocked while making repeated trips at night to load or unload their cars. Additionally, a mere 11 days and a mile and a half separated the two crimes.

■    Because a severance motion lies within the discretion of the trial judge, denial of the motion will be disturbed on appeal only for abuse of discretion resulting in substantial prejudice to the defendant. (*People* v. *Duane* (1942) 21 Cal.2d 71, 78 [130 P.2d 123].) However, as Mr. Witkin has noted, "[w]here the consolidation meets the test of joinder," as it does here, "the difficulty of showing prejudice from denial of severance is so great that the courts almost invariably reject the claim of abuse of discretion." (Witkin, Cal. Criminal Procedure, p. 288, quoted with approval in *People* v. *Rhoden* (1972) 6 Cal.3d 519, 525, fn. 2 [99 Cal.Rptr. 751, 492 P.2d 1143].)

■    Defendant contends denial of severance prejudiced his defense by permitting the prosecution to use the strongest elements of each case to support the weakest point of the other. With respect to the rape count, the *commission* of the crime charged was not at issue. The sole issue was the *identity* of the rapist. With respect to the burglary count, the *identity* of the alleged burglar was not at issue. The sole issue was defendant's *intent*.

Admittedly, doubts over the rapist's identity may have been dispelled by evidence that defendant used the same modus operandi in the burglary, just as doubts over defendant's intent in entering Miss G's apartment may have been dispelled by evidence that he raped Mrs. H. However, had the charges been severed, evidence of the uncharged offense would have been admissible in the separate trial of the other charge. (Evid. Code, § 1101, subd. (b).) Therefore, denial of severance did not prejudice defendant.

Section 1101, subdivision (b), of the Evidence Code provides, "Nothing in this section prohibits the admission of evidence that a person committed a crime, civil wrong, or other act when relevant to prove some fact (such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident) other than his disposition to commit such acts."

■ Admitting evidence of uncharged offenses also lies within the sound discretion of the trial judge, weighing the probative value of such evidence against its prejudicial effect. (*People* v. *Haston* (1968) 69 Cal. 2d 233, 246 [70 Cal.Rptr. 419, 444 P.2d 91]; see *People* v. *Perry* (1972) 7 Cal.3d 756, 780 [103 Cal.Rptr. 161, 499 P.2d 129]; *People* v. *Schader* (1969) 71 Cal.2d 761, 773 [80 Cal.Rptr. 1, 457 P.2d 841]; *People* v. *Sam* (1969) 71 Cal.2d 194, 206 [77 Cal.Rptr. 804, 454 P.2d 700].)
■ When, as here, a primary issue of fact is whether the defendant—rather than some other person—committed the charged offense, evidence of uncharged offenses is ordinarily admissible if it discloses a distinctive modus operandi common both to the charged and uncharged offenses. (*People* v. *Beamon* (1973) 8 Cal.3d 625, 633 [105 Cal.Rptr. 681, 504 P.2d 905]; *People* v. *Haston, supra.*) A modus operandi gives rise to a reasonable inference that the charged and uncharged offenses were committed by the same person when the marks common to those offenses set them apart from other offenses of the same general variety. (*People* v. *Floyd* (1970) 1 Cal.3d 694, 717, fn. 10 [83 Cal.Rptr. 608, 464 P.2d 64]; *People* v. *Haston, supra.*) "If the inference is weak, the probative value is likewise weak, and the court's discretion should be exercised in favor of exclusion." (*People* v. *Haston, supra,* 69 Cal.2d at p. 247.)

■ The modus operandi here is sufficiently distinctive to warrant an inference of identity under the standard set forth in *People* v. *Haston, supra,* 69 Cal.2d 233, 244-250. Therefore, had these charges been severed and separately tried, evidence of the burglary would have been admissible in the rape trial on the issue of identity, just as evidence of the rape would have been admissible in the burglary trial on the issue of intent. (See, e.g.,

*People* v. *Beamon, supra,* 8 Cal.3d at pp. 632-633.) Accordingly, denial of the severance motion was proper.

Moreover, denial of the severance motion would not necessarily have been an abuse of discretion had *Haston* not been satisfied. ■ The judge's discretion in refusing severance is broader than his discretion in admitting evidence of uncharged offenses. "The requirements of similarity that apply to the admission of evidence of *uncharged* offenses (see *People* v. *Haston* (1968) 69 Cal.2d 233, 244-250 [70 Cal.Rptr. 419, 444 P.2d 91]) are not applicable when all offenses are *charged.*" (*People* v. *Shells* (1971) 4 Cal.3d 626, 632 [94 Cal.Rptr. 275, 483 P.2d 1227]; italics in the original.) In both cases the probative value of considering one alleged offense in light of another must be weighed against the prejudicial effect, but additional factors favor joinder. "Joinder of related charges . . . ordinarily avoids needless harassment of the defendant and the waste of public funds which may result if the same general facts were to be tried in two or more separate trials." (*People* v. *Brock* (1967) 66 Cal.2d 645, 655 [58 Cal.Rptr. 321, 426 P.2d 889].)

### SUFFICIENCY OF THE EVIDENCE

Defendant contends the evidence is insufficient to support the jury's implied finding that he entered Miss G's apartment with felonious intent.

Although the People must show that a defendant charged with burglary entered the premises with felonious intent, such intent must usually be inferred from all of the facts and circumstances disclosed by the evidence, rarely being directly provable. (*People* v. *Hinson* (1969) 269 Cal.App.2d 573, 577-578 [75 Cal.Rptr. 223]; *People* v. *Wolfe* (1967) 257 Cal.App. 2d 420, 425 [64 Cal.Rptr. 855]; *People* v. *Nichols* (1961) 196 Cal.App.2d 223, 227 [16 Cal.Rptr. 328].) When the evidence justifies a reasonable inference of felonious intent, the verdict may not be disturbed on appeal. (*People* v. *Clark* (1968) 268 Cal.App.2d 293, 296 [73 Cal.Rptr. 871]; *People* v. *Franklin* (1951) 106 Cal.App.2d 528, 530 [235 P.2d 402]; see *People* v. *Soto* (1879) 53 Cal. 415, 416.)

■ The inference that defendant entered Miss G's apartment with felonious intent is amply supported by evidence that he used the same modus operandi to rape Mrs. H 11 days earlier. Moreover, the remaining evidence is independently sufficient to support that conclusion.

Defendant entered Miss G's apartment surreptitiously, hid in her bathroom with the lights out, and then denied under oath having done so.

The judgment is affirmed.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Sullivan, J., and Burke, J.,* concurred.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.