**THE PEOPLE OF THE TERRITORY OF GUAM, Appellee**

v.

**JUNIOR ANTHONY SANTOS, Defendant-Appellant**

Criminal No. 76-2A

District Court of Guam

Appellate Division

February 13, 1978

Before DUENAS and THOMPSON, *District Judges*, and BURNETT, *Designated Judge*

THOMPSON, *District Judge*

OPINION

The defendant was convicted on December 18, 1975, of unauthorized, unlawful delivery of a controlled substance (heroin). He now appeals his conviction on two grounds: (1) the evidence was insufficient to support a conviction, and (2) a subsequent criminal act was improperly allowed into evidence. Before turning to these two legal issues, a short rendition of the facts underlying the conviction is necessary.

On May 28, 1975, at approximately 1:05 a.m., an undercover narcotics agent, Nelsa Ramsey, accompanied by an informant named Morris Denton, purchased a one hundred dollar "plate" of heroin from a man she identified as Junior Santos at trial. The heroin transaction took place at the Carbullido house in Barrigada which was the residence of the defendant's brother, Roque Santos. Sergeant Francisco Sanchez, Ramsey's supervising officer, observed the transaction as he passed by surveilling the scene from an automobile.

Junior Santos' sole defense was misidentification. He put on evidence, but did not testify himself, that on May 28, 1975, at 1:05 a.m. he was not residing or present at the Carbullido house, but was instead asleep with his wife at the home of his father-in-law. The defendant did not contest any other elements of the offense.

The People were allowed to present evidence that, approximately six months subsequent to his arrest in this case, the defendant was dealing in heroin. Over defense counsel's strenuous objection, Policrano Madarang, a former heroin pusher, testified that on November 20, 1975,

Junior Santos provided him with twenty "dime bags" of heroin to sell. Their arrangement called for Madarang to pay Santos for the fronted heroin once it had been sold.

■ The defendant's first appellate contention is that the evidence adduced at trial was insufficient to support the conviction. Viewing the evidence in the light most favorable to the prevailing party as required by precedent too numerous to cite, we conclude that the evidence was sufficient to warrant a conviction. Two police officers, one a participant-purchaser and the other an eyewitness to the transaction, identified the defendant as the seller of the heroin. The sinister inferences drawn by the defendant from witnesses or evidence not presented by the People do little, if anything, to rebut such direct, highly incriminatory testimony. The evidence which was presented cannot be negated on appeal by speculation concerning evidence not presented.

■ Defendant's second contention on appeal is that the trial court erred in admitting the evidence of his subsequent heroin dealings with Policrano Madarang. Evidence of other criminal acts by a defendant is not admissible to show a defendant's general propensity to commit criminal acts, but are admissible if relevant to a disputed, material issue in the case. Federal Rule of Evidence § 404(b); California Evidence Code § 1101(b); Witkin's California Evidence § 341(2)(aa) (2nd ed. 1966). However, due to the inevitable prejudice suffered by a defendant when evidence of other criminal acts is admitted—

. . . the relevancy of evidence of other crimes, and therefore its admissibility, must be examined with care. The evidence should be received with "extreme caution," and if its connection with the crime charged is not clearly perceived, the doubt should be resolved in favor of the accused.

476

*People v. Guerrero*, 16 C.3d 719, 724, 129 Cal. Rptr. 166, 548 P.2d 366 (1976), quoting *People v. Kelly*, 66 C.2d 232, 239, 57 Cal. Rptr. 363, 424 P.2d 947 (1967).

▮ In this case the only material issue in dispute was the identification of the defendant as the person who sold heroin to Agent Ramsey at the Carbullido house on May 28, 1975. The defendant did not contest that whoever sold the heroin did so knowingly, intentionally, and without mistake;[1] his sole defense was that he did not do it. Another criminal act is relevant to the issue of identity only if it is sufficiently similar to the crime charged to warrant an inference that the same person committed both:

When, as here, a primary issue of fact is whether the defendant—rather than some other person—committed the charged offense, evidence of uncharged offenses is ordinarily admissible if it discloses a distinctive modus operandi common both to the charged and uncharged offenses. [Citations omitted.] A modus operandi gives rise to a reasonable inference that the charged and uncharged offenses were committed by the same person when the marks common to those offenses set them apart from other offenses of the same general variety. [Citations omitted.] "If the inference is weak, the probative value is likewise weak, and the court's discretion should be exercised in favor of exclusion." (*People v. Haston*, 69 Cal.2d 233, 247 (1968)).

*People v. Matson*, 13 C.3d 35, 40, 117 Cal. Rptr. 664, 528 P.2d 752 (1974). Here, the inference is weak and the evidence should have been excluded.

The only "mark" common to both the defendant's hand-to-hand sale of a hundred dollar "plate" of heroin on May 28th and his recruitment of Madarang six months later as

---

[1] The Trial Court overruled the defendant's objection to the admission of this evidence on the ground that the People had "to prove that he [the defendant] knowingly and willingly sold substance." Reporter's Transcript at 180. Since these mens rea aspects of the case were not at issue, the Trial Court's reasoning in overruling the objection was erroneous. *United States v. Coades*, 549 F.2d 1303 (9th Cir. 1977); Weinstein's Evidence ¶ 404[08], at 404-44–404-45 (1976). This, of course, does not necessarily mean that the ruling itself was in error.

a pusher is that both transactions involved heroin—hardly a distinctive, identifying feature. In fact, the November 20th recruitment of Madarang evidenced a distinct change, rather than an identifying continuation, in Santos' modus operandi. Thus, there is absolutely no basis on which to premise an inference that the person who recruited Madarang in November was the same person who sold the heroin to Agent Ramsey. Therefore, the evidence of the defendant's subsequent criminal activity should have been excluded as having no relevance to the only disputed issue, the identity of the seller. *United States v. Coades*, 549 F.2d 1303 (9th Cir. 1977); *People v. Guerrero*, supra at 725; *People v. Law*, 40 C.A.3d 69, 87–89, 114 Cal. Rptr. 708 (5th Dist. 1974).

Having concluded that the trial court erred in admitting the evidence of defendant's subsequent criminal activity, the question remains whether the error was so prejudicial as to require a new trial. If the evidence of a defendant's guilt is overwhelming, an error in admitting evidence of other criminal activity does not require reversal of the conviction. *United States v. Coades*, supra. This, however, is not a case in which the defendant's guilt is obvious. We did find infra that there was sufficient evidence to support the defendant's conviction, but the evidence, though sufficient, was far from overwhelming. In fact, our thorough reading of the transcript indicates to us that the case was quite close; the defendant's at times effective cross-examination of Government witnesses and the testimony of his own witnesses make it impossible to say with certainty that even had the evidence of his subsequent criminal activity not been erroneously admitted, he would have been convicted anyway.

Borrowing from *People v. Guerrero*, supra at 730, the net effect of the erroneously admitted evidence on the jury was to paint a sign on the defendant which said "heroin dealer."

To affirm defendant's conviction would be to ignore the very real possibility that the jury convicted him on the basis of this label rather than on the strength of the evidence presented by the People directly relating to the May 28th transaction. The defendant is entitled to a new trial.

The judgment is reversed.