Filed 10/14/15  P. v. Castaneda CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061589 |
| v. | (Super.Ct.No. FSB1300953) |
| ART JUAN CASTANEDA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Harold T. Wilson, Jr., Judge.  Affirmed as modified with directions.

Gideon Margolis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Eric A. Swenson and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

Following a jury trial, defendant and appellant Art Juan Castaneda was convicted of assault with intent to commit a felony (oral copulation) (count 1—Pen. Code, § 220,

subd. (a)(1)[1]), and oral copulation accomplished against the victim's will by force, violence, duress, menace, and fear of immediate and unlawful bodily injury (count 2— § 288a, subd. (c)(2)(A)). At a bifurcated proceeding, the trial court found true the allegations that defendant had suffered two prison term priors (§ 667.5, subd. (b)), a serious felony prior (§ 667, subd. (a)), and a "strike" prior (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)). The court sentenced defendant to a total term of 18 years in state prison, with the sentence on count 1 (assault with intent to commit oral copulation) stayed pursuant to section 654. On appeal, defendant contends that he was improperly convicted of both assault with intent to commit a felony and forcible oral copulation, and that the abstract of judgment does not correctly reflect his presentence custody credits. We direct the superior court clerk to correct the abstract of judgment, and otherwise affirm.

## I. FACTS

On the evening of February 27, 2013, defendant sexually assaulted Jane Doe. Doe testified they met at a bus stop and walked from Colton to Grand Terrace. En route, they stopped for a "smoke break." During the stop, defendant showed Doe his Swiss army knife and his sex video with his girlfriend on his cell phone. Doe became uncomfortable and attempted to leave; however, defendant stopped her. He asked her for a kiss, but she declined, and so he asked her for a hug and she complied. Defendant would not let go of Doe, who began fighting and screaming for help. He covered her mouth and punched her until she became quiet. He hit her on both sides of her mouth and began to suffocate her,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

telling her to "'Shut the fuck up'" and "'You're going to get fucked. All right?'" Doe stopped fighting and said, "'Okay. Okay.'" Defendant made Doe cup his genital area while he kissed her. She felt blood in her mouth. Shortly thereafter, defendant pulled down his pants he told Doe to "'Give him head.'" Doe orally copulated him until he climaxed. She complied with his demands so she could live.

## II. DISCUSSION

### A. Assault with Intent to Commit Forcible Oral Copulation as a Necessarily Included Offense of Forcible Oral Copulation.

Contending that assault with intent to commit oral copulation (§ 220, subd. (a)(1), count 1) is a necessarily included offense of forcible oral copulation (§ 288a, subd. (c)(2)(A), count 2), defendant argues that he was improperly convicted of both offenses which stem from the same act. We reject his contention.

"In general, a person may be *convicted* of, although not *punished* for, more than one crime arising out of the same act or course of conduct." (*People v. Reed* (2006) 38 Cal.4th 1224, 1226; see also § 954.) However, "[a] judicially created exception to the general rule permitting multiple conviction 'prohibits multiple convictions based on necessarily included offenses.' [Citation.]" (*Reed*, *supra*, at p. 1227.) Where the validity of multiple convictions is at issue, the statutory elements test is used to determine whether an offense is necessarily included in another. (*Id.* at pp. 1230-1231.) "Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former." (*Id.* at p. 1227.) In *People v. Medina* (2007) 41 Cal.4th 685, our Supreme Court reaffirmed a

3

longstanding rule requiring dismissal of a lesser included offense when the defendant is convicted of both the greater and the lesser offenses. (*Id*. at pp. 701-702.)

A violation of section 220, subdivision (a)(1), occurs when a person "assaults another with intent to commit . . . oral copulation . . . ." "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." (§ 240.) In contrast, a violation of section 288a, subdivision (c)(2)(A), occurs when a person commits an act of oral copulation "against the victim's will by means of force, violence, *duress, menace,* or fear of immediate and unlawful bodily injury on the victim or another person . . . ." (§ 288a, subd. (c)(2)(A), italics added.)

In *People v. Espinoza* (2002) 95 Cal.App.4th 1287, the court observed: "'Physical control can create "duress" without constituting "force." "Duress" would be redundant in the cited statutes if its meaning were no different than "force," "violence," "menace," or "fear of immediate and unlawful bodily injury." . . . "Duress" has been defined as "a direct or implied threat of force, violence, danger, hardship or retribution sufficient to coerce a reasonable person of ordinary susceptibilities to (1) perform an act which otherwise would not have been performed or, (2) acquiesce in an act to which one otherwise would not have submitted." . . . [D]uress involves psychological coercion.'" (*Id*. at pp. 1320-1321.) Section 261, subdivision (c) defines "menace" as "any threat, declaration, or act which shows an intention to inflict an injury upon another." The common dictionary meaning of "menace" is "a show of intention to inflict harm"; "a threatening gesture, statement, or act." (Webster's 3d New Internat. Dict. (1993) p. 1409, col. 3.) The common meaning of "menace" does not differ significantly from the statutory definition.

4

Contrary to defendant's assertion, under the statutory elements test, assault with intent to commit oral copulation (§ 220, subd. (a)(1)) is not a necessarily included lesser offense to forcible oral copulation (§ 288a, subd. (c)(2)(A)) because it is possible to accomplish oral copulation against the victim's will without committing an assault, a necessary element of a violation of section 220, subdivision (a)(1).[2] The facts of this case demonstrate that possibility. Here, defendant committed a violent injury with intent to commit oral copulation. The subsequent forcible oral copulation, however, was accomplished by means of duress or menace, not force or violence; the victim complied out of fear, so she could live.

**B. The Abstract of Judgment Should Be Amended to Correctly Reflect Defendant's Custody Credits.**

Defendant contends, and the People concede, that the abstract of judgment incorrectly reflects the custody credits to which he is entitled. Contrary to the probation

---

[2] Defendant's reliance on *People v. Babcock* (1911) 160 Cal. 537, *In re Jose M.* (1994) 21 Cal.App.4th 1470, *People v. Moran* (1973) 33 Cal.App.3d 724, *People v. Dillon* (2009) 174 Cal.App.4th 1367, and *Ghent v. Woodford* (9th Cir. 2002) 279 F.3d 1121, 1134, fn.12 [citing to pre-1990 California cases] to support his argument, is misplaced. First, some of the cases cited by defendant predate the 1990 amendment to section 261, which added the "duress" and "menace" elements. (Stats. 1990, ch. 630, § 1 (Senate Bill 2586).) Second, the *Jose M.* court specifically observed that the elements of duress and menace were not available because the charge was rape in concert under section 264.1, which specifically requires the use of force or violence. (*Jose M.*, *supra*, at pp. 1476-1477.) And third, although the *Dillon* case involved the offenses of forcible sexual penetration (§ 289, subd. (a)(1)) and assault with intent to commit forcible sexual penetration (§ 220), the jury was specifically instructed that the defendant's section 289 offense was through force or violence and that the section 220 offense was a lesser included offense. (*Dillon*, *supra*, at pp. 1376-1377.) Such instruction presumed that the sexual penetration offense was committed by force or violence; however, that is not the case before this court. Accordingly, the *Dillon* opinion, which does not reach the merits of whether a section 220 offense is a necessarily lesser included offense of a section 289 offense, is distinguishable.

officer's report (indicating an arrest date of March 7, 2013), defendant was arrested on March 6, 2013. He was sentenced on July 10, 2014. The trial court awarded defendant 491 days in custody and 73 additional days under section 2933.1, for a total of 564 days of presentence custody credit. Considering the above, the date of arrest in the probation officer's report appears to be a clerical error. Defendant should have been awarded 565 days of presentence custody credits (492 days of actual custody credits, plus 73 days conduct credit). The abstract is in error and should be corrected.

## III.  DISPOSITION

The judgment is modified to award presentence credit consisting of 492 days of actual custody credits, plus 73 days of presentence conduct credits, for a total of 565 days of presentence credit. The superior court clerk is directed to generate a new minute order and amend the abstract of judgment reflecting this modification, and to forward a copy of both the new minute order and the amended abstract of judgment to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


                                           HOLLENHORST
                                                       J.

We concur:


RAMIREZ
                     P. J.

CODRINGTON
                     J.

6