Filed 10/13/22  P. v. Deuter CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> BRANDY JAMIE JORDAN DEUTER, <br><br>     Defendant and Appellant. | B311353 <br><br> (Los Angeles County Super. Ct. No. BA485309) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard S. Kemalyan, Judge.  Affirmed.

Justin Behravesh, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Peggy Z. Huang, Deputy Attorney General, for Plaintiff and Respondent.

————————————————————

# INTRODUCTION

Brandy Jaime Jordan Deuter (Jordan) stole a plaque from a city councilman's office and a phone from a nearby hair salon, where she also tried to steal a touchscreen tablet and credit card reader that allows businesses to process credit card payments. The trial court convicted Jordan of second degree burglary for the incident at the councilman's office and attempted second degree burglary for the incident at the salon. Jordan appeals, arguing substantial evidence did not support the finding she had the requisite intent to steal when she entered the two premises. She also argues that the trial court erred in denying her motion for judgment of acquittal at the close of the People's case and that the abstract of judgment erroneously states she was convicted of burglary, rather than attempted burglary, for the incident at the salon.

We conclude that substantial evidence supported the verdicts and that the trial court did not err in denying Jordan's motion for judgment of acquittal. We also agree with Jordan and the People the abstract of judgment must be corrected to accurately reflect the oral pronouncement of judgment. In all other respects, we affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

A. *Jordan Takes a Plaque from a Councilman's Office, Tries To Take a Tablet and Credit Card Reader from a Hair Salon, and Ultimately Takes a Phone*

One morning in September 2019 Sean Starkey was working at a city councilman's district office on Sunset Boulevard when he heard someone in the office screaming. He went to the front of

2

the office and saw Jordan pacing back and forth. He asked her if she needed any assistance; she responded incoherently. Jordan grabbed a plaque off the wall, took some voter registration forms, and started to leave the office. Starkey demanded that Jordan return the plaque; Jordan again responded incoherently. She walked out the door and up Sunset Boulevard. (Jordan testified that she went to the office intending to speak to the councilman, but that she became anxious when told she had to leave and then took the voter registration forms. Jordan stated she did not remember taking the plaque.)

Jordan went to a hair salon across the street from the councilman's office and spoke with an employee. Jordan appeared lost, but became offended when asked to leave. Jordan tried to take a tablet and a credit card reader from the salon, but could not because they were mounted to a desk. She grabbed a phone instead and left the salon. (Jordan testified she asked an employee to borrow a phone or a tablet so she could contact her mother.) The owner of the salon estimated that the value of the phone was $20 and that the value of the tablet and credit card reader was $1,100.

After she left the salon, a group of people chased her, and she began to run. Eventually, someone sprayed pepper spray in her eyes. Jordan returned the phone and said, "Here. Have the phone." A police officer later arrested Jordan in a parking lot and retrieved the councilman's plaque. When questioned by the police, Jordan said she took the plaque to make a "motherfucking point."

B.     *The Trial Court Convicts Jordan of Second Degree*
*Burglary and Attempted Second Degree Burglary*

The People charged Jordan with (1) assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)); (2) making a criminal threat (*id.*, § 422, subd. (a)); (3) second degree burglary of the councilman's office (*id.*, § 459); and (4) second degree burglary of the salon (*ibid.*).  After a court trial, the court found Jordan not guilty on counts 1 and 2, guilty on count 3, and guilty of attempted burglary as a lesser included offense of count 4.  (See *People v. Michaels* (1961) 193 Cal.App.2d 194, 196 [attempted burglary is a lesser included offense of burglary].)

On the burglary and attempted burglary convictions, the court found that Jordan intended to steal from the councilman's office and the salon and that she had the intent to steal when she entered the two premises.  The court stated that the two thefts occurred "in the same temporal period" and that the temporal proximity of the two crimes was circumstantial evidence Jordan had the intent to steal upon entering the councilman's office.  Regarding the salon incident, the court found Jordan had the requisite intent because upon entering the salon she unsuccessfully tried to take the tablet and the credit card reader and later "grabbed the mobile phone and departed the premises." The court also found Jordan's entering the salon "after taking the plaque from the councilman's office" was circumstantial evidence she had the intent to steal when she entered the salon.

After Jordan asked the trial court not to sentence her to probation, the court sentenced her to three years four months in county jail.  Jordan filed a timely notice of appeal.

## DISCUSSION

A.    *Applicable Law and Standard of Review*

Penal Code section 459 provides that a person who enters, among other things, a house, shop, or other building "with intent to commit grand or petit larceny or any felony is guilty of burglary." Burglary requires "not only that a defendant enter a structure, but that he do so with a particular objective in mind: larceny (or any other felony)." (*People v. Hendrix* (2022) 13 Cal.5th 933, 939; see *People v. Wallace* (2008) 44 Cal.4th 1032, 1077 ["Burglary requires an entry into a specified structure with the intent to commit theft or any felony."].) Burglaries of structures other than inhabited dwelling houses and vessels, floating homes, and trailer coaches are second degree burglaries. (Pen. Code, § 460, subds. (a) & (b); *Corona v. Superior Court* (2021) 65 Cal.App.5th 950, 955; see *People v. Maestas* (2006) 143 Cal.App.4th 247, 252 [second degree burglary is "any burglary *other than* of a residence"].) A person is guilty of attempted burglary when he or she (1) has the specific intent to commit burglary and (2) commits a direct but ineffectual act toward its commission. (*People v. Mejia* (2012) 211 Cal.App.4th 586, 605; see *People v. Clark* (2019) 43 Cal.App.5th 270, 280 [an attempted crime requires "'a specific intent to commit the crime, and a direct but ineffectual act done toward its commission'"].)

"Specific intent "'is rarely susceptible of direct proof and usually must be inferred from the facts and circumstances surrounding the offense.'"" (*People v. Thompkins* (2020) 50 Cal.App.5th 365, 403.) This is true for burglary. (See *People v. Lewis* (2001) 25 Cal.4th 610, 643 ["the intent required for . . . burglary is seldom established with direct evidence but

5

instead is usually inferred from all the facts and circumstances surrounding the crime"]; *People v. Matson* (1974) 13 Cal.3d 35, 41 ["Although the People must show that a defendant charged with burglary entered the premises with felonious intent, such intent must usually be inferred from all of the facts and circumstances disclosed by the evidence, rarely being directly provable."].)

"When reviewing a challenge to the sufficiency of the evidence, we ask whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Citation.] Because the sufficiency of the evidence is ultimately a legal question, we must examine the record independently for substantial evidence—that is, evidence which is reasonable, credible, and of solid value that would support a finding beyond a reasonable doubt." (*People v. Navarro* (2021) 12 Cal.5th 285, 302, internal quotation marks omitted.) "We must 'view the evidence in the light most favorable to the People' and 'presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.' [Citation.] We must also 'accept logical inferences that the [trier of fact] might have drawn from the circumstantial evidence.'" (*People v. Flores* (2020) 9 Cal.5th 371, 411.) We do not, however, "reconsider the weight to be given any particular item of evidence" or ask whether the trier of fact's "judgment was the most probable interpretation of the evidence, but simply whether it was a rational one." (*Navarro*, at pp. 302, 307.)

B.  *Substantial Evidence Supported the Trial Court's Finding Jordan Intended To Steal When She Entered Both Premises*

Jordan argues that she did not have the intent to commit burglary before or upon entering either premises and that it was her interactions with employees at the office and the salon that provoked her to take (or try to take) the items she stole (or tried to steal).[1]  Substantial circumstantial evidence, however, supported the trial court's finding Jordan had the requisite intent for burglary of the councilman's office and attempted burglary of the hair salon.

1.  *Substantial Evidence Supported the Trial Court's Finding Jordan Had the Intent To Commit Burglary at the Councilman's Office*

Jordan argues she entered the office to speak with the councilman, not to steal anything.  Substantial evidence, however, supported the trial court's contrary finding.  When questioned by Starkey, Jordan never said she wanted to speak with the councilman or anyone else in the office.  When Starkey asked her to return the plaque, she ignored him and left.  And when police subsequently arrested Jordan, she said she took the plaque, not because she couldn't speak with the councilman, but to make a statement.  From this evidence the trial court could reasonably infer Jordan intended to commit theft when she went to the councilman's office.  (See *People v. Matson, supra,*

_____

[1]  Although Jordan suggests her mental health may have precluded her from forming the intent to steal, the trial court excluded evidence of her mental health, and Jordan does not challenge that ruling.

13 Cal.3d at p. 41 ["When the evidence justifies a reasonable inference of felonious intent, the verdict may not be disturbed on appeal"]; *People v. Mumin* (2021) 68 Cal.App.5th 36, fn. 4 [same]; *People v. Nunley* (1985) 168 Cal.App.3d 225, 232 ["Where the facts and circumstances of a particular case and the conduct of the defendant reasonably indicate his purpose in entering the premises is to commit larceny or any felony, the conviction may not be disturbed on appeal"]; *People v. Garcia* (1963) 214 Cal.App.2d 681, 683 ["Whether or not an accused had an intent to commit theft when he entered the building is for the trier of fact unless there is nothing from which it can be inferred"]. )

2. *Substantial Evidence Supported the Trial Court's Finding Jordan Had the Intent To Commit Burglary at the Salon*

Jordan and the salon owner gave different accounts of the incident in the salon. Jordan claimed that, when she spoke with an employee of the salon, the employee allowed her to use the phone to call her mother and that she touched the tablet to check her email. The salon owner acknowledged that she saw Jordan speak with an employee, but stated that the salon employees asked Jordan to leave. The salon owner stated that, when they "asked her to leave," Jordan became "offended and just reached to whatever was at the front desk [including the touchscreen tablet and credit card reader] and just grabbed the phone."

The trial court found Jordan entered the salon with the intent to commit theft because she tried to take the tablet, grabbed the phone, and left the premises. The trial court reasonably found Jordan had the requisite intent based on the

evidence she tried to steal two items, successfully stole one, and fled the scene. (See *People v. Smith* (1978) 78 Cal.App.3d 698, 704 ["'an intent to commit theft at the time of entry may be inferred from flight from the premises'"]; *People v. Moody* (1976) 59 Cal.App.3d 357, 363 [same]; see also *People v. Prince* (2007) 40 Cal.4th 1179, 1256 ["the similar crimes [the defendant] committed in other homes provided a basis for a jury to reasonably conclude that his intent was, at least in part, to commit theft"].)

Of course, Jordan's version of what happened in the salon differed from the salon owner's. The trial court, however, found that the People's witnesses were credible and that Jordan was not. We defer to the version of the facts the trial court found true, which was that Jordan tried to take the touchscreen tablet and credit card reader, later took the phone without permission, and fled the salon, all of which evidenced an intent to steal upon entry. (See *People v. Covarrubias* (2016) 1 Cal.5th 838, 890 [a "'reviewing court neither reweighs evidence nor reevaluates a witness's credibility'"]; *In re M.S.* (2019) 32 Cal.App.5th 1177, 1187 ["we defer to the [trial] court's express and implied findings of fact that are supported by substantial evidence"].)

Finally, although substantial evidence would have supported a finding Joran committed a burglary at the salon (see *People v. Washington* (1996) 50 Cal.App.4th 568, 578-579 [burglary "is *complete* . . . upon entry with requisite intent"]; *People v. Escobar* (1992) 7 Cal.App.4th 1430, 1436 ["burglary is complete once the perpetrator enters the premises with the requisite intent"]), the trial court found Jordan guilty of only attempted second degree burglary. Because substantial evidence supported a conviction for the completed crime, it also supported

9

a conviction for the attempted crime.  (See *People v. Lowen* (1895) 109 Cal. 381, 383-384 [commission of a burglary implies an attempt to commit it, so that a conviction of attempted burglary must be upheld where there is substantial evidence of a completed burglary]; *People v. Cuccia* (2002) 97 Cal.App.4th 785, 796 [defendant could not "complain that the jury chose to find him guilty of attempted grand theft" where there was substantial evidence of a completed grand theft]; see also *People v. McConnell* (1927) 80 Cal.App. 789, 792 ["A defendant informed against for the crime of burglary may be convicted of an attempt to commit burglary in the second degree, where the evidence tends to sustain a verdict of burglary in the first degree."].)[2]

C.    *The Abstract of Judgment Must Be Corrected To Accurately Reflect the Oral Pronouncement of Judgment*

In announcing its verdict, the trial court stated:  "As to count 4, burglary in the second degree, in reference to the hair salon, the court finds the defendant guilty of an attempt to commit a second degree burglary."  The abstract of judgment, however, states Jordan was convicted of second degree burglary

---

[2]    Thus, the trial court did not err in denying Jordan's motion for a judgment of acquittal pursuant to Penal Code section 1118.1.  (See *People v. Cole* (2004) 33 Cal.4th 1158, 1212-1213 ["[i]n ruling on a motion for judgment of acquittal pursuant to section 1118.1, a trial court applies the same standard an appellate court applies in reviewing the sufficiency of the evidence to support a conviction, that is, "'whether from the evidence, including all reasonable inferences to be drawn therefrom, there is any substantial evidence of the existence of each element of the offense charged"'"].)

of the hair salon.  Jordan argues, the People concede, and we agree the trial court must correct the abstract of judgment to reflect a conviction for attempted burglary, rather than burglary, for the incident at the hair salon.  (See *People v. Leon* (2020) 8 Cal.5th 831, 855 ["Any discrepancy between the judgment as orally pronounced and as recorded in the clerk's minutes or abstract of judgment is presumed to be the result of clerical error."]; *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [an appellate court can order "correction of abstracts of judgment that [do] not accurately reflect the oral judgments of sentencing courts"]; *People v. Whalum* (2020) 50 Cal.App.5th 1, 15 ["Where there is a discrepancy between the oral pronouncement of judgment and the abstract of judgment, the oral pronouncement controls."].)

## DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment reflecting Jordan was convicted of attempted second degree burglary on count 4 and send it to the Department of Corrections and Rehabilitation.


SEGAL, J.

We concur:



PERLUSS, P. J.          FEUER, J.


11