Opinion
ROBERSON, J.
Christopher George Madden appeals from a judgment of conviction for possession of a hypodermic syringe (Bus. & Prof. Code, § 4149) and failing to appear in court as promised (Pen. Code, § 853.7), both misdemeanors. He contends the police searched his body, where they found the hypodermic syringe, without his consent; the trial court erred in allowing the People to amend the complaint to allege a violation of willful *Supp. 16 failure to appear; and the court failed to instruct sua sponte that willful failure to appear under Penal Code section 853.7 is a specific intent crime. We affirm in part and reverse in part.
I
Based on information that a drug transaction might occur near a particular apartment complex on Lanewood Street in Los Angeles, Detective Broadhurst arrested a suspected heroin dealer. The dealer was supposed to have made contact with someone named Chris. Broadhurst asked the dealer out of which apartment he had come out of and the dealer replied, “105.” Broadhurst went to apartment 105, along with two other officers, all dressed in plainclothes.
Broadhurst knocked on the door and in a minute or so a woman answered. The officers identified themselves as police officers. They were invited in. Broadhurst noticed hypodermic syringes on the table just inside the door in the living room area. He also observed burnt pieces of tin foil, spoons with burnt bottoms, and plastic lemon citric acid containers. Broadhurst searched the apartment.
During the search, two men entered the apartment, one of whom was appellant. The second person decamped, but Broadhurst retrieved him. Back in the apartment, Broadhurst identified himself to appellant and told him he was a narcotics officer with the police department and was conducting an investigation. He told appellant he had arrested Sam (the dealer) who was out on the street and that he was continuing his investigation. He asked permission to search for any narcotics.
Broadhurst testified appellant said, ‘Sure. Go ahead.” He did not recall appellant hesitate in answering. He searched him and recovered a syringe in appellant’s right front pants pocket. Broadhurst arrested appellant. He was charged by complaint with unlawful possession of a hypodermic syringe and arraigned. At the arraignment, on December 19, 1986, appellant pleaded not guilty. Trial was set for January 20, 1987.
Deputy Marshall Bonomo, the bailiff at the arraignment, prepared—and appellant executed—an agreement to appear for trial on January 20, 1987. Appellant was given a copy of the agreement and released on his own recognizance.
On January 20th the court convened. Appellant was not present. The court revoked its order releasing appellant on his own recognizance, issued a bench warrant for his arrest, and set bail at $3,000. The People amended *Supp. 17 the complaint to add a count of willfully failing to appear in order to evade the court’s process (Pen. Code, § 1320).
Appellant appeared in Division 78 the next day. He was arrested and the court reset the trial date. During the trial and after Bonomo’s testimony, the People amended the complaint, over objection, to add a third count: failing to appear as promised (Pen. Code, § 853.7). The trial court dismissed the initial count of failure to appear.
Appellant testified that he threw the agreement to appear in his desk drawer and tried to remember the date by memory. He thought he was scheduled to appear on January 21st, not the 20th.
After a verdict of guilty on both counts, the court rendered a judgment of conviction. Appellant’s sentence was suspended and he was placed on summary probation for 36 months on condition that he serve 90 days in county jail. Appellant filed a timely notice of appeal.
II*
III
Appellant next contends the People should not have been allowed to amend the complaint to add a charge of willful failure to appear (Pen. Code, § 853.7). We agree.
“A complaint cannot be amended to charge an offense not attempted to be charged by the original complaint, except that separate counts may be added which might properly have been joined in the original complaint. . . .” (Pen. Code, § 1009.)
The statute providing for joinder in criminal cases is Penal Code section 954. It provides in part: “An accusatory pleading may charge two or more different offenses connected together in their commission ... or two or more different offenses of the same class of crimes or offenses, under separate counts. . . .”
In the instant case, failure to appear is neither connected in its commission to, nor is it of the same class of crime as, possession of a hypodermic *Supp. 18 syringe. To be “connected together in their commission,” the charges must share a “[1] “common element of substantial importance.” ’ (People v. Matson (1974) 13 Cal.3d 35, 39 [117 Cal.Rptr. 664, 528 P.2d 752]; People v. Polk (1964) 61 Cal.2d 217, 230 [37 Cal.Rptr. 753, 390 P.2d 641].)” (People v. Balderas (1985) 41 Cal.3d 144, 170 [222 Cal.Rptr. 184, 711 P.2d 480].) In Balderas, for example, our Supreme Court held that the kidnapping, robbery, and forcible sex crimes against a man and a woman in that case were connected in their commission because they all involved the use of a shotgun and an intent to obtain property feloniously. (See also People v. Pike (1962) 58 Cal.2d 70, 84 [22 Cal.Rptr. 664, 372 P.2d 656].)
In People v. Matson, supra, 13 Cal.3d 35, the Supreme Court held the burglary of one woman and the rape of another shared the same “modus operand!—lying in wait for lone women leaving their apartments unlocked while making repeated trips at night to load or unload the cars. Additionally, a mere 11 days and a mile and a half separated the two crimes.” (At p. 39.) In People v. Polk, supra, 61 Cal.2d 217, the high court found a common element of substantial importance where the robbery-murder charged in count III was the first overt act of the conspiracy charged in count I.
In the instant case the two counts share neither instrumentality, victim, modus operandi, nor any other common element of substantial importance. The only connection between failure to appear and possession of a hypodermic syringe is that, had appellant not been charged with the possession offense, there would not have been a trial date for appellant to miss. This, of course, is not enough. If it were, the nature of the underlying charge would be irrelevant and the legislative intent behind Penal Code section 954 would be vitiated. (See People v. Kemp (1961) 55 Cal.2d 458, 475-476 [11 Cal.Rptr. 361, 359 P.2d 913] [the Supreme Court indicated the Legislature’s reference in § 954 to other similar offenses which may properly be joined, those of “the same class of crimes or offenses,” means offenses possessing common characteristics or attributes].)
Moreover, the two crimes in the case at bench are not “of the same class.” As we have indicated, ante, “[o]ffenses of the same class are offenses which possess common characteristics or attributes. (People v. Kemp [, supra, ] 55 Cal.2d [at p.] 476.)” (People v. Smallwood (1986) 42 Cal.3d 415, 424, fn. 5 [228 Cal.Rptr. 913, 722 P.2d 197].) In Kemp, for example, rape, kidnapping and murder were held to be of the same class because they are all forms of assault against the person. (People v. Kemp, supra, 55 Cal.2d at pp. 475-476; see also People v. Walker (1952) 112 Cal.App.2d 462, 471 [246 P.2d 1009] [rape and murder are forms of assault and both are offenses against the person].)
*Supp. 19 In Smallwood, the hight court held that robbery and murder of one victim and the attempted robbery and murder of another are offenses of the same class. (People v. Smallwood, supra, 42 Cal.3d at p. 424, fn. 5.) And in Coleman v. Superior Court (1981) 116 Cal.App.3d 129, 134-135 [172 Cal.Rptr. 86], murder of an adult with special circumstances was held properly joined with charges of lewd acts, rape and oral copulation of two minors occurring four months later.
From our review of these cases, it is clear to us that the charges in the instant case were not properly joined in the complaint. Business and Professions Code section 4149 defines the first charge as possession or control of any hypodermic needle or syringe. Penal Code section 853.7 merely requires proof the released defendant promised to appear on a date certain and that he or she did not do so. The charges have no common characteristics or attributes. We conclude the trial court abused its discretion when it allowed the People to amend the complaint for possession of a hypodermic syringe to add an allegation of willful failure to appear.
The judgment is affirmed as to the conviction of possession of a hypodermic syringe and reversed as to the conviction for willful failure to appear.[1]
Margolis, P. J., and Newman, J., concurred.

See footnote, ante, page Supp. 14.

Our disposition of the joinder claim obviates the need to consider appellant’s remaining point of error.