Opinion
WATAI, J.
Respondent was cited on four separate occasions for violating Los Angeles Municipal Code[1] section 41.27, subdivision (h) (possessing an open container of an alcoholic beverage in public with the intent to consume the contents thereof in public). On each occasion, respondent signed a written promise to appear, but failed to appear as promised.
Respondent was subsequently arrested on unrelated charges. On November 4, 1994, he was brought to court for arraignment on the violations of section 41.27, subdivision (h) and for four violations of Penal Code section 853.7 (willfully violating a written promise to appear). At this hearing, the court dismissed the four counts of violating section 41.27, subdivision (h), on the ground that this section conflicted with the California Constitution, article XX, section 22. The court also dismissed the four counts of willfully violating a written promise to appear: “The court on [its] own motion is dismissing all four tickets and failures to appear due to the underlying section being unconstitutional and the defendant having no obligation to appear when a section is unconstitutional.” The People filed a timely notice of appeal on December 2, 1994.
*Supp. 4 Appellant first contends section 41.27, subdivision (h) regulates the consumption of alcohol in public, not the possession of alcohol in public. “ ‘[T]he fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. . . .’ [Citation.] In determining this intent, courts look first to the words contained in the statute, giving them their usual and ordinary meaning. [Citations.]” (People v. Hull (1991) 1 Cal.4th 266, 271 [2 Cal.Rptr.2d 526, 820 P.2d 1036].)
Section 41.27, subdivision (h) provides: “No person shall have in his or her possession, with intent to consume any part of the contents thereof in any public place not licensed for the consumption thereof, any bottle, can or other receptacle containing any alcoholic beverage which has been opened, or a seal broken, or the contents of which have been partially removed, upon any street, sidewalk or parkway, park, playground, Los Angeles Memorial Coliseum, or any railroad depot or bus station, or in any public place, or in any place open to the patronage of the public, which premises are not licensed for the consumption of such alcoholic beverage on the premises. Any person violating any provision of this subsection shall be guilty of an infraction.”
California Constitution, article XX, section 22 provides in relevant part: “The State of California, subject to the internal revenue laws of the United States, shall have the exclusive right and power to license and regulate the manufacture, sale, purchase, possession and transportation of alcoholic beverages within the State . . . .”
Respondent does not dispute that the City of Los Angeles may properly regulate the consumption of alcohol in public, which the city has done. (See § 41.27, subd. (c).) However, respondent contends that section 41.27, subdivision (h) is an unconstitutional attempt to regulate the possession of alcohol in a public place.[2]
We determine that the wording of the ordinance clearly shows the ordinance seeks to prohibit possession of an alcoholic beverage under certain circumstances. The fact that the person with the alcoholic beverage must also intend to consume some part of the alcoholic beverage in public does not change the act which is prohibited by the ordinance.
The legislative history supports this interpretation. The initial motion presented by Councilman Dave Cunningham was a motion “that the City *Supp. 5 Attorney be requested to prepare and present an ordinance which would provide an infraction violation for the possession of an open container of alcoholic beverage in any public place or in any place open to the public which is not licensed for the consumption of such beverages on the premises . . . .” The report of the police, fire and public safety committee, dated July 28, 1983, shows that the committee erroneously believed legislation was being enacted by the state which would allow “local jurisdictions to enact legislation regulating the possession of open containers of alcohol in any public place.” Subsequently, the city attorney pointed out that such state legislation did not allow local jurisdictions to regulate possession in any public place.[3] Therefore, the city attorney was “requested to prepare and present ... an amendment to [the proposed ordinance] which will add a severability clause and more clearly specify the proscribed behavior . . . .” In response, the city attorney amended the proposed ordinance to provide as follows: “(h) no person shall have in his or her possession, with the intent to consume any part of the contents thereof in any public place not licensed for the consumption thereof, any bottle, can or other receptacle containing any alcoholic beverage which has been opened . . . .” The city attorney also stated the proposed ordinance should “contain a standard severability clause. The intent of such a provision is to demonstrate to a court the Council’s desire to . . . [regulate] open container possession on the premises of, or adjacent to, retail package liquor outlets even if the Council’s attempt to more broadly regulate open container possession is subsequently invalidated.” (Italics added.) In a subsequent communication to the city council dated August 30, 1984, Councilman Marvin Braude stated for the first time that the city attorney’s amendment “would more clearly indicate the Council’s intent to regulate consumption of alcoholic beverages in public places
It appears to us that the city council improperly attempted to regulate the possession of alcohol in any public place under Penal Code section 647e, although that section did not authorize such broad regulation of the possession of alcohol. The city council characterized the ordinance as an attempt to regulate consumption of alcohol after it was discovered that only the state could regulate the possession of alcohol in any public place. We conclude *Supp. 6 that the trial court properly dismissed the charges that respondent violated section 41.27, subdivision (h).
Appellant also contends the trial court erroneously dismissed the failure to appear charges. Penal Code section 853.7 provides: “Any person who willfully violates his or her written promise to appear or a lawfully granted continuance of his or her promise to appear in court is guilty of a misdemeanor, regardless of the disposition of the charge upon which he or she was originally arrested.”
As set forth above, the trial court dismissed the failure to appear charges “due to the underlying section being unconstitutional and the defendant having no obligation to appear when a section is unconstitutional.” Respondent concedes that the trial court erroneously dismissed the charges on that basis. However, respondent argues that the charges were properly dismissed because the complaint was improperly amended to add those charges in the first place, citing People v. Madden (1988) 206 Cal.App.3d Supp. 14 [254 Cal.Rptr. 207]. Appellant argues that this court should reconsider and overrule the decision in Madden.[4]
We need not determine whether People v. Madden, supra, 206 Cal.App.3d Supp. 14 was properly decided. As appellant notes, Madden does not hold that the remedy for the improper addition of new charges to a complaint is dismissal of the new charges. The trial court may sever the charges which were improperly joined. (See People v. Saldana (1965) 233 Cal.App.2d 24, 28-30 [43 Cal.Rptr. 312].) We therefore conclude the trial court erroneously dismissed the charges that respondent willfully violated written promises to appear.
The order of dismissal is reversed as to the charges that respondent willfully violated a written promise to appear. The order of dismissal is affirmed as to the charges that respondent violated Los Angeles Municipal Code section 41.27, subdivision (h).
Johnson, Acting P. J., and Mallano, J., concurred.

 All subsequent statutory references will be to the Los Angeles Municipal Code unless otherwise indicated.

 This court has previously held that a city may not regulate the possession of alcohol in public parks. (People v. Ramirez (1994) 25 Cal.App.4th Supp. 1 [30 Cal.Rptr.2d 626].)

 That legislation, enacted as Penal Code section 647e, provides in relevant part: “(a) A city, county, or city and county may by local ordinance provide that no person who has in his or her possession any bottle, can or other receptacle containing any alcoholic beverage which has been opened, or a seal broken, or the contents of which have been partially removed, shall enter, be, or remain on the posted premises of, including the posted parking lot immediately adjacent to, any retail package off-sale alcoholic beverage licensee ... or on any public sidewalk immediately adjacent to the licensed and posted premises. ... [*1... [ü Nothing in this section shall affect the power of a county or a city, or city and county, to regulate the possession of an opened alcoholic beverage in any public place or in a place open to the public.”

 In Madden, this court held that a charge of willfully failing to appear was erroneously added to a complaint charging the defendant with possessing a hypodermic syringe, since the two charges have no common characteristics or attributes.