[Crim No. 120. Fifth Dist. Apr. 15, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. PAUL EDWARD BLAYLOCK, Defendant and Appellant.

Daniel L. Jensen, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, and Edsel W. Haws, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (R. M.), J.—Trial by jury having been waived, the court found the defendant guilty of murder of the second degree. Judgment was entered accordingly, from which the defendant appeals.

The controlling contention made by the defendant on this appeal is that incriminating statements and confessions were improperly admitted at the trial because he was not informed of his right to aid of counsel and of his right to remain silent prior to the time the confessions were made

by him. We have concluded that the contention is sound and admission of the statements and confessions constituted reversible error.

About 11 p.m. on January 6, 1964, one Robert Hoyopatubbi met his death when the defendant fired three bullets from a gun into Robert's head, one of which did its deadly work. Death occurred in the bedroom of a home situated in Modesto, California. Present in the room at the time were the defendant, one Patricia Waldo (referred to in the record as Patricia Hoyopatubbi), and Robert. Patricia and the defendant went to the home of a neighbor, Mrs. Elsie Tyler, who telephoned the sheriff's office. Carl Costley, a deputy sheriff, responding to the call, arrived at the Tyler home about 11:33 p.m. Costley arrested the defendant and placed him in the patrol car. Sergeant Donald C. Bear arrived and talked with the defendant, who was then in the patrol car and under arrest. Costley transported the defendant to the sheriff's office and testified that the defendant confessed fully and voluntarily while they were riding in the car. The next morning, January 7, officers obtained from the defendant a full confession, which was electronically recorded on tape. Again on the same day, a second statement, consisting of a full confession, was made by the defendant, which was also taped.

The record is silent as to whether or not the defendant had been advised of his right to aid of counsel or of his right to maintain silence.

The defendant was arraigned on January 8 and for the first time, for aught the record discloses, he was advised by the judge of his right to counsel and the public defender was assigned to assist him in preparing and presenting his defense.

Two additional tape-recorded statements, taken from the defendant after appointment of counsel and without notice to, or the knowledge of, the public defender, were excluded by the trial court and are not relevant here.

Our inquiry is limited to the question of admissibility of the testimony of Deputy Sheriff Costley and the testimony of Sergeant Bear in which both officers recounted incriminating statements made by the defendant, which statements were tantamount to oral confessions, and the admissibility of the two taped confessions made prior to the time the defendant was arraigned.

Under the tests laid out in *Escobedo* v. *Illinois*, 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977] ; *Massiah* v. *United States*,

377 U.S. 201 [84 S.Ct. 1199, 12 L.Ed.2d 246]; *People* v. *Dorado*, 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], and *People* v. *Stewart*, 62 Cal.2d 571 [43 Cal.Rptr. 201, 400 P.2d 97], for the defendant's contention that his confessions were improperly admitted into evidence to be sustained, four things must concur: (1) the investigation must have passed the stage of a general inquiry into an unsolved crime and be focused on a particular suspect; (2) the suspect must be in custody; (3) the interrogation carried out by the law enforcement officers must lend itself to eliciting incriminating statements from the suspect; and (4) the suspect must not have been effectively informed of his right to aid of counsel or of his right to remain silent; or, if so informed, he must not have intelligently and effectively waived such rights. In this case the two tape-recorded confessions satisfy all four requirements. From the moment the deputy sheriff reached the scene of the crime, the defendant was a particular, indeed the only, suspect. At the time the confessions were recorded, the defendant was in custody, under arrest and incarcerated in jail. In each instance the process of questioning was clearly designed to, and did, elicit fully detailed confessions. The record does not establish that the defendant had been informed of his rights under the federal Constitution and the state Constitution, or that there was an effective waiver by him of such rights.

The unrecorded oral confessions, one made to Sergeant Bear and the other to Deputy Sheriff Costley after the arrest of the defendant and while he was in custody in the patrol car, clearly meet three of the requirements. He was the only and thus the particular suspect; he was in custody; and he was not advised of his rights. Moving to the remaining requirement that the accusatory stage of the investigation ripens so as to render incriminating statements inadmissible when the officers undertake a "process of interrogations that lends itself to eliciting incriminating statements" (*Escobedo* v. *Illinois, supra,* 378 U.S. 478, 491; *People* v. *Stewart, supra,* 62 Cal.2d 571, 578), we find that this record does not adequately reflect the two conversations to permit a determination in favor of the People. In *Stewart* it is said (p. 579):

"The test which we have described does not propose a determination of the actual intent or subjective purpose of the police in undertaking the interrogations but a determination based upon the objective evidence. Whatever may be the

subjective intent of the interrogators, we must, in order to determine if the police are carrying out 'a process of interrogations that lends itself to eliciting incriminating statements' (*Escobedo* v. *Illinois, supra,* at p. 491), analyze the total situation which envelops the questioning by considering such factors as the length of the interrogation, the place and time of the interrogation, the nature of the questions, the conduct of the police and all other relevant circumstances.

"'As some writers have suggested, 'An objective test is . . . likely for the new American rule, for it is noteworthy that the question of "purpose to elicit a confession" may be more readily determined from the objective evidence—such as the nature of the questions and accusations put to defendant and the length of the interrogation—than the question whether the police had decided to charge the defendant.' [Citations.]'"

This record shows that both officers testified as to what the defendant told them but it does not reveal the questions which they asked of the defendant, nor whether such questions were accusatory or inquiring in nature. This testimony relating to the oral confessions is very brief. This is understandable for undoubtedly the prosecution placed its main reliance upon the two formal taped confessions subsequently given by the defendant.

From the record of this trial we are unable to say that the defendant's rights to have the aid of counsel and to remain silent, as guaranteed by the Constitution of the United States and the Constitution of the State of California, have not been violated. Although there is ample evidence to support the finding of guilt even if all incriminating statements and confessions made by the defendant be disregarded, we are compelled, under the authority of the cases herein cited, to reverse the judgment and remand for a new trial.

Other contentions made by the defendant are either devoid of merit or discussion thereon is rendered unnecessary by reason of our conclusion that the several confessions were improperly admitted into evidence.

The judgment is reversed.

Conley, P. J., and Stone, J., concurred.

A petition for a rehearing was denied May 12, 1965, and respondent's petition for a hearing by the Supreme Court was denied June 16, 1965. McComb, J., Mosk, J., and Burke, J., were of the opinion that the petition should be granted.