[Civ. No. 50627. First Dist., Div. Three. Feb. 24, 1981.]

RUSSELL COLEMAN, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Jeff Brown, Public Defender, Peter G. Keane, Chief Attorney, and Lillian K. Sing for Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and Mary Roth, Deputy Attorneys General, for Respondent and for Real Party in Interest.

OPINION

**FEINBERG, J.**—This petition challenges the trial court's refusal to sever a murder prosecution from a prosecution for sex crimes committed upon two minors, neither of whom was the victim of the charged murder.

On March 20, 1980, an information was filed charging petitioner with murder (Pen. Code, § 187)[1] with special circumstances that it was committed during the commission of rape (§ 190.2, subd. (a)(17)(iii)) and during the commission of sodomy (§ 190.2, subd. (a)(17)(iv)). Rape (§ 261, subd. 2) and sodomy (§ 286, subd. (c)) charges accompanied the murder charge, the victim of which was Shirley Hill. The information further charged petitioner with committing a lewd act (§ 288) upon Denisha, a child under the age of fourteen, and with commission of two counts of rape (§ 261, subd. 2) and one count of oral copulation (§ 288a, subd. (c)) upon Denise, also a child under the age of fourteen.

---

[1]Unless otherwise noted, all subsequent statutory citations refer to the Penal Code.

Petitioner moved to sever the charges relating to the two minors from the charges related to Shirley Hill. The motion was heard by the trial court and denied. Petitioner then petitioned this court for a writ of mandate and/or prohibition seeking severance. A divided court denied the petition. Thereafter, the Supreme Court granted a hearing, but transferred the cause back to this court with directions to issue an alternative writ.

The issues to be decided are whether the trial court was correct in ruling that the crimes were properly joined as crimes of the same class and whether its refusal to sever the Shirley Hill crimes from those against the minors constituted an abuse of discretion.

*The Facts*[2]

On the afternoon of September 6, 1979, San Francisco police were called to bungalow No. 5 at Mission High School at 18th and Church Streets to investigate the death of Shirley Hill, whose body was found in the bungalow. A necropsy report found the cause of death to be "ligature strangulation." Semen was found in the victim's vagina and rectal area. The same day the police lifted fingerprints in the bungalow and later identified two of them as petitioner's palm print and right thumb print.

There was testimony that the prints could have been three or four days old but probably had been made not earlier than two weeks before the murder. There was also evidence that during police interrogation, petitioner denied several times that he had ever been in the bungalow or in the school and asserted that he had not been in that general vicinity for several years.

At about 12:30 p.m. on January 10, 1980, Denisha, age 11, left Everett School at 16th and Church Streets in San Francisco. On her way home, petitioner approached her, told her that he was a school agent, and asked her why she was not in school. He then said he wanted to check her to see if she had any drugs on her. He made her walk with him into an alley, where he told her to take off certain articles of clothing. In the face of her crying and protests, he unbuttoned her blue jeans, pulled down her pants, raised her shirt, and touched her genitals and breast area. After that he let her go.

---

[2]The statement of facts is drawn from the transcript of the preliminary examination, the only evidentiary record before us.

Denise, age 13, left Horace Mann School at 23d and Bartlett Streets in San Francisco at about 12:30 p.m. on January 11, 1980. On her way home, petitioner came running toward her and asked if she had a pass to leave school. When she answered no, he asked her name and informed her that he was a police officer. He then said she was under arrest and would have to go with him, taking her to his station wagon. Petitioner then drove Denise to McLaren Park, where he told her he had to search her for drugs. He ordered her to take off her pants, under threat to take her to the police station, but when she refused, he threatened to slap her if she did not lay with him. He took off her pants, raped her, made her orally copulate him, and then penetrated her again. Afterwards he dropped her off at Mission and 23d Streets.

*The Issues*

1. Was joinder of the crimes against Shirley Hill with those against the two minors proper under Penal Code section 954?

Penal Code section 954 provides in pertinent part: "An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses *of the same class of crimes or offenses*, under separate counts .... [P]rovided, that the court in which a case is triable, in the interests of justice and for good cause shown, may in its discretion order that the different offenses or counts set forth in the accusatory pleading be tried separately or divided into two or more groups and each of said groups tried separately." (Italics added.)

■ Petitioner first argues that the initial joinder was improper because the crimes against Shirley Hill are not of the same class as those against the two minors and the various crimes are not connected together in their commission. He contends that the crimes against Shirley Hill are violent, assaultive crimes, while those against the minors involved deception and lewd behavior. He further contends that there were no common elements of substantial importance linking the crimes against Shirley Hill with those against the minors.

In *People v. Kemp* (1961) 55 Cal.2d 458, 476 [11 Cal.Rptr. 361, 359 P.2d 913], the Supreme Court quoted with approval the following definition of crimes of the same class, derived from *People v. Thorn* (1934) 138 Cal.App. 714, 734-735 [33 P.2d 5]: "offenses possessing common characteristics or attributes." Even where the offenses are not

in the same class, they may be joined if they contain "a common element of substantial importance in their commission." (*People* v. *Chessman* (1959) 52 Cal.2d 467, 492 [341 P.2d 679].) This is true even though the crimes do not relate to the same transaction and were committed at different times and places against different victims. (*Ibid.*; see also *People* v. *Meneley* (1972) 29 Cal.App.3d 41, 51 [105 Cal.Rptr. 432].)

In *People* v. *Rhoden* (1972) 6 Cal.3d 519 [99 Cal.Rptr. 751, 492 P.2d 1143], the defendant was charged with the kidnaping and robbery of one victim and the kidnaping, robbery, and rape of another. The *Rhoden* court responded to the defense attack on joinder by stating, "[I]t is well settled that the crime of rape shares with robbery and kidnaping sufficient common characteristics as an assaultive crime against the person to be jointly chargeable therewith." (*Id.*, at pp. 524-525.)

Under *Rhoden*, it seems beyond question that section 954 permits joinder of all assaultive crimes against the person, all of them being considered "of the same class." The crimes against Shirley Hill and those against the two minors clearly satisfy the requirements of section 954 for joinder, since they are all assaultive crimes against the person. Though petitioner asserts that neither of the minors was hurt, that fact does not turn forcible rape, oral copulation, and lewd and lascivious touching into nonassaultive crimes.

It therefore seems clear that the trial court was correct in holding that all of the crimes were properly joined under section 954.

2. Did the trial court's refusal to sever the offenses against Shirley Hill from those against the minors constitute an abuse of discretion?

The determination that the offenses are "joinable" under section 954 is only the first stage of analysis because section 954 explicitly gives the trial court discretion to sever offenses or counts "in the interest of justice and for good cause shown." "Statutory permission to consolidate does not supply a complete answer, for section 954 gives the trial court discretionary power to order separate trials in the interests of justice. Refusal of severance may be prejudicial error if discretion is abused." (*People* v. *Blalock* (1965) 238 Cal.App.2d 209, 222 [43 Cal.Rptr. 846].)

In *People* v. *Jackson* (1980) 102 Cal.App.3d 620 [162 Cal.Rptr. 574], the trial court denied a defense motion to sever because it knew of no authority which permitted severance of crimes of the same class which happen to be dissimilar. While finding that the trial court misapprehended the law in denying severance, the *Jackson* court concluded that the error was not prejudicial because common factors in the two sets of offenses would have permitted admission of evidence of each set in a severed trial of the other set.

The People argue that the same situation exists here. While the trial court in the instant case was fully aware of its discretion to sever, it denied the motion, relying primarily upon a conclusion that the evidence of the crimes against the minors could be introduced in a trial on the charges involving Shirley Hill.[3] Under this theory, petitioner would derive little or no benefit from severance because evidence of the crimes against the minors would be admissible in a trial on the Shirley Hill offenses.

However, it appears on the state of the evidence that the trial court erred as a matter of law in concluding that the crimes against the minors would be admissible in a trial of the offenses against Shirley Hill.

Evidence Code section 1101 provides in pertinent part: "(a) [E]vidence of a person's character or trait of his character (whether in the form of an opinion, evidence of reputation, *or evidence of specific instances of conduct*) is inadmissible when offered to prove his conduct on a specific occasion. (b) Nothing in this section prohibits the admission of evidence that a person committed a crime, civil wrong, or other act when relevant to prove some fact (such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident) other than his disposition to commit such acts." (Italics added.)

The California Supreme Court has been consistently rigorous in preventing the introduction of other crimes for the purpose of showing that

---

[3]The court stated on the record: "It's a close question, but it is my feeling that since there will, in all probability, be evidence of the two other sexual cases brought into the case in chief before the jury, and certainly it would be before the jury in the penalty phase, were the defendant to be convicted, and there's strong evidence, or a strong possibility he might be convicted with the fingerprints and palmprints having been found at the scene, I am going to deny the motion .... [T]he issue before the court is one of prejudice. In my opinion, this evidence would be before the jury in the case in chief, so I will deny the motion." Inferentially, the court rejected any other basis for its ruling.

the accused committed the offense with which he is charged. (See *People* v. *Thompson* (1980) 27 Cal.3d 303, 316 [165 Cal.Rptr. 289, 611 P.2d 883].) "Where the proffered evidence is that of other crimes it 'should be scrutinized with great care, ... in light of its inherently prejudicial effect, and should be received only when its connection with the crime charged is clearly perceived.' If its connection with the crime charged is not clearly perceived, the doubt should be resolved in favor of the accused." (*People* v. *Enos* (1973) 34 Cal.App.3d 25, 34 [109 Cal.Rptr. 876]; see also *People* v. *Haston* (1968) 69 Cal.2d 233, 234-235 [70 Cal.Rptr. 419, 444 P.2d 91].)

The People argue that the crimes against the two minors could be admitted in a trial of the charges involving Shirley Hill on the issue of identity because of the following similarities: (1) all three crimes were committed in the same geographical area; (2) all three crimes were committed during midday to midafternoon; (3) all three crimes were related in some way to school premises (though in each case, it is a different school); (4) defendant threatened to slap Denise around if she did not cooperate, and blood found near Shirley Hill's face suggests the possibility that she was slapped around. The People characterize the modus operandi as one "involving loitering near school grounds at midday, waiting for the chance appearance of a lone girl or young woman who could be coerced, or persuaded by means of a false story, to accompany him to a secluded area."

■ As the Supreme Court stated in *People* v. *Thornton* (1974) 11 Cal.3d 738, 756 [114 Cal.Rptr. 467, 523 P.2d 267]: "[O]nly common marks having some degree of distinctiveness tend to raise an inference of identity and thereby invest other-crimes evidence with probative value. The strength of the inference in any case depends upon two factors: (1) the *degree of distinctiveness* of individual shared marks, and (2) the *number* of minimally distinctive shared marks." (Italics added.)

■ Applying the *Thornton* test to the case at hand, it is apparent that the probative value of the crimes against the minors in a trial involving the Shirley Hill crimes would be minimal. Very nearly the only distinctive features which the former crimes share with the latter are that they were all committed during midday or soon thereafter and they all have some association with schools (though it should be noted that in each case, it was a different school). These facts are among the least distinctive with respect to each crime. The fact that they share

these features and are all sex related does very little to suggest that they were all committed by the same person. (See *People* v. *Alvarez* (1975) 44 Cal.App.3d 375, 385-386 [118 Cal.Rptr. 602].) The People's suggestion that Shirley Hill may have been slapped around, an attempt to connect that crime with defendant's alleged threat to slap Denise, is the purest speculation, supported by no evidence. The same may be said of the People's assertion that Shirley Hill might have been enticed to the location by some sort of false story. Moreover, dissimilarities between the two groups of crimes abound, further suggesting that the probative value of the evidence is very small.

Prejudice, on the other hand, would be great if the crimes against the minors were introduced in a trial of the murder charges, for evidence of sex crimes with young children is especially likely to inflame a jury. When confronted by direct evidence from two minor victims concerning petitioner's propensity to commit sex crimes, the jury would be hard-pressed to decide the murder case exclusively upon evidence related to that crime. This difficulty would be exacerbated by the fact that the murder case consists primarily of circumstantial evidence; it appears from the record which has been developed thus far that virtually the only evidence connecting defendant to the Shirley Hill crimes consists of the palm and thumb prints identified at the scene of the crime. If a juror has a reasonable and appropriate doubt about the identity of the murderer, the juror may find it difficult to maintain that doubt in the face of direct evidence concerning repulsive crimes against minors committed by petitioner.

However, having concluded that the trial court erred as a matter of law in ruling that the crimes against the minors would be admissible in a trial on the Shirley Hill crimes, it does not necessarily follow that the trial court was required to sever.

The California Supreme Court has suggested, in dictum, that the mere fact that crimes are not so similar as to permit introduction of evidence of one in a prosecution of the other does not mean that dissimilar crimes may not be joined for trial. ▇ "The judge's discretion in refusing severance is broader than his discretion in admitting evidence of uncharged offenses. . . . In both cases the probative value of considering one alleged offense in light of another must be weighed against the prejudicial effect, but additional factors favor joinder. 'Joinder of unrelated charges . . . ordinarily avoids needless harassment of the defendant and the waste of public funds which may result if the

same general facts were to be tried in two or more separate trials.'" (*People* v. *Matson* (1974) 13 Cal.3d 35, 41 [117 Cal.Rptr. 664, 528 P.2d 752].) Under *Matson,* a ruling on a motion to sever is based on a weighing of the probative value as against the prejudicial effect, but in the weighing process the beneficial results from joinder are added to the probative-value side. This requires the defendant to make an even stronger showing of prejudicial effect than would be required in determining whether to admit other-crimes evidence in a severed trial.

In the instant case, the additional factors against severance suggested by the *Matson* court provide little additional support for a denial of severance. Joint trial would gain little for the prosecution (other than the prejudicial effect of other-crimes evidence which could not otherwise be admitted). There would be little or no duplication of evidence in a severed trial because the offenses are not connected in their commission. Trial on the charges related to the minors should be short, the victims' testimony constituting the bulk of the prosecution case. Certainly the petitioner could not be heard to complain of the "needless harassment" of severed trials since he is the one seeking severance.

*Conclusion*

We do not purport to lay down any rule as to when a denial of a motion for severance constitutes an abuse of discretion. In the nature of things, such a determination can only be made on a case by case basis turning on the particular facts of the cases.

 In this case, we are moved to conclude that the denial of the motion to sever was an abuse of discretion because:

(1) The evidence of the crimes against the children would not be admissible to prove the identity of the perpetrator of the murder;

(2) Joinder of highly inflammatory charges such as sex crimes against children with another crime against an adult has a very serious prejudicial effect upon a jury;

(3) The problem of prejudice is compounded where, as here, the evidence in support of the charges involving Mrs. Hill appears to be of less force than that in support of the charges involving the children; and

(4) The charge sought to be severed carries the ultimate sanction—death.

Let a peremptory writ of mandate issue directing the trial court to set aside its order denying the motion to sever and in its place and stead, enter its order granting said motion.

White, P. J. and Barry-Deal, J., concurred.

The petition of real party in interest for a hearing by the Supreme Court was denied April 22, 1981.